# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| **TERRANCE LIGGINS,** | **:** | **Case No. 3:23-cv-353** |
| | **:** | |
| **Plaintiff,** | **:** | **Judge** |
| | **:** | |
| **v.** | **:** | |
| | **:** | **PLAINTIFF'S COMPLAINT** |
| **EVENFLO COMPANY, INC.,** | **:** | **AND JURY DEMAND** |
| | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

COMES NOW Plaintiff Terrance Liggins, by and through his undersigned legal counsel, and for his Complaint against Defendant EvenFlo Company, Inc., alleges as follows:

## PARTIES AND JURISDICTION

1.  Plaintiff is a resident of this judicial district. He is a former employee of Defendant.

2.  Defendant EvenFlo Company, Inc. (hereinafter, "EvenFlo" or "Defendant") is a Delaware Corporation doing business in this judicial district.

3.  This Court has jurisdiction over Plaintiff's Complaint because it asserts claims under the Family and Medical Leave Act ("FMLA").

4.  Venue in this Court is proper as the events giving rise to the Complaint occurred in this judicial district.

## FACTS

5.  Plaintiff was employed by Defendant at its Piqua, Ohio plant, as a Forklift Driver, for over two years.

6.  At all times relevant hereto, Defendant was an "employer" within the meaning of the FMLA, 29 U.S.C. §2611(4).

7. At all times relevant hereto, Terrance was an "eligible employee" within the meaning of the FMLA, 29 U.S.C. §2611(2), meaning that he was entitled to take medical leave for a serious health condition, and that he was entitled to keep his job during the leave permitted him by the FMLA.

8. Over the weekend of January 7-8, 2023 Plaintiff became very ill.

9. Due to his illness Plaintiff had to call off work on January 9, 2023.

10. On January 10, Plaintiff was seriously ill and had to be admitted to Wayne Hospital on an emergency basis.

11. Later that day, Terrance was transferred from Wayne Hospital to Upper Valley Medical Center due to the severity of his symptoms.

12. Due to Terrance's serious health condition, it was necessary for him to take medical leave from his job with Defendant.

13. On or about January 10, 2023, Defendant was notified that Terrance was seriously ill, and that he was in the hospital.

14. No later than January 11, 2023, Defendant was on notice that Terrance may have a serious health condition, and that he may need medical leave under the FMLA.

15. Terrance in fact had a "serious health condition" under the FMLA.

16. As it was on notice of Terrance's serious health condition and need for medical leave, Defendant was required by the FMLA to advise Plaintiff of his rights under the statute by providing him with an Eligibility Notice and a Rights and Responsibilities Notice.

17. Defendant did not provide Terrance with the requisite notice of his eligibility under the FMLA.

18. Defendant did not provide Terrance with the requisite notice of his rights and responsibilities under the FMLA.

19. Instead, Defendant terminated Terrance's employment on January 13, 2023 for being a "no call-no show."

20. Defendant did not tell Plaintiff of his termination at that time.

21. Defendant terminated Plaintiff without ever having given him notice of his right to take FMLA leave, and without making any reasonable attempt to acquire additional information about his serious health condition.

22. When Plaintiff finally recovered from his serious health condition and got out of the hospital, he found out that he had been fired by Defendant back on January 13th.

## CAUSES OF ACTION

## COUNT I: FMLA INTERFERENCE

23. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if fully restated herein, and further alleges that Defendant's termination of his employment constituted unlawful interference with the exercise of his legally protected right to take medical leave under the FMLA, in violation of 29 U.S.C. 2615(a)(1).

24. Prior to January 13, 2023, Defendant was notified that Plaintiff was admitted into the hospital for a serious health condition for which he may require medical leave.

25. Under the FMLA, Defendant was required to provide Plaintiff with specific notices regarding his eligibility and his rights and responsibilities under the statute.

26. Defendant failed and refused to provide Plaintiff with any of the notices required under the FMLA, and it further refused to inquire into Plaintiff's need for leave.

3

27. By terminating his employment on January 13, 2023, without providing Plaintiff with the required notices under the Act and without granting him medical leave under the Act, Defendant unlawfully interfered with Plaintiff's exercise of his FMLA rights.

28. As a result of Defendant's unlawful interference with his rights, Plaintiff has suffered, and will suffer, damages in the form of the loss of his employment, and lost wages and benefits.

## COUNT II: FMLA RETALIATION

29. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if fully restated herein, and further alleges that Defendant's termination of his employment constituted unlawful retaliation for the attempted exercise of his legally protected right to take medical leave under the FMLA, in violation of 29 U.S.C. § 2615(a)(2).

30. Prior to January 13, 2023, Defendant was on notice that Plaintiff had been admitted into the hospital due to a serious health condition for which he may require medical leave under the FMLA.

31. In requesting and taking leave from his job from January 9 to January 13, 2023, Plaintiff was exercising a legally protected right under the FMLA.

32. By terminating his employment on January 13, 2023, Defendant unlawfully retaliated against Plaintiff for his attempted exercise of his FMLA rights.

33. As a result of Defendant's unlawful retaliation, Plaintiff has suffered, and will suffer, damages in the form of the loss of his employment, and lost wages and benefits.

WHEREFORE, Plaintiff hereby prays for judgment against Defendant as follows:

1. For reinstatement and an award of backpay and benefits;

2. If reinstatement is deemed inappropriate, for an award of front pay and benefits;

3. For an award of liquidated damages equal to his lost wages and benefits;

4

4.  For an award of his reasonable attorneys' fees and costs incurred herein;

5.  For all other and further relief to which he may be entitled.

> */s/ Stephen E. Imm*
> Stephen E. Imm (0040068)
> FINNEY LAW FIRM, LLC
> 4270 Ivy Pointe Blvd., Suite 225
> Cincinnati, Ohio 45245
> (513) 943-5678
> (513) 943-6669-fax
> stephen@finneylawfirm.com
> *Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff demands trial by jury for all issues so triable.

> */s/ Stephen E. Imm*
> Stephen E. Imm (0040068)

5